(80 Misc. Rep. 517.)

EBLING BREWING CO. v. LINCH.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

STREET RAILROADS (§ 113*)—COLLISIONS—ACTIONS—EVIDENCE.

    In an action for damages to an automobile truck, which had been proceeding northerly, but turned west and crossed the street car tracks for the purpose of proceeding along an intervening street, and was struck by a south-bound trolley car, where the evidence was conflicting as to which party was at fault, it was error to exclude a municipal ordinance giving all vehicles going in a northerly or southerly direction the right of way over those going in an easterly or westerly direction, especially where the court impressed upon the jury that the rights of the parties at a street intersection were equal.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 229–238; Dec. Dig. § 113.*]

Appeal from City Court of New York, Trial Term.

Action by the Ebling Brewing Company against George W. Linch, as receiver of the Second Avenue Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles E. Chalmers, of New York City, for appellant.

Eugene Cohn and Julius Levy, both of New York City (Eugene Cohn, of New York City, of counsel), for respondent.

PAGE, J.  This is an action to recover damages to an automobile truck, resulting from a collision with a trolley car operated by the defendant.  The automobile truck was moving north upon the northbound track upon First avenue.  The defendant's car was moving south upon the other track.  The car was coming up a somewhat steep incline.  Plaintiff's chauffeur swung his truck over and attempted to cross at the junction of Seventy-Second street, for the purpose of proceeding westerly along Seventy-Second street, when the collision occurred.

There is the usual contradiction of testimony.  The plaintiff's witnesses state that they saw the car between Seventy-Third and Seventy-Fourth streets, coming rapidly;  that their truck had proceeded across the track, so that the rear wheels were upon the slot in the middle of the track, when the car, the speed of which had not been slackened, struck the rear wheel, and also about the center of the battery box of the truck, with such violence that, although it weighed between four and five tons, the rear end was thrown over against the curb.  The defendant's witnesses testify that the truck did not start to cross the track until the car was within 15 feet, that the car was proceeding at the rate of only about 6 miles an hour, and immediately the motorman threw off the power and applied the brake, and that the car struck the truck in the middle between the two wheels.

The court erroneously excluded section 448a of the Ordinances of the City of New York, which provides:

"On all public streets and highways of the city, all vehicles going in a northerly or southerly direction shall have the right of way over any vehicles going in an easterly or westerly direction."

The question of right of way had an important bearing, not alone upon the question of defendant's negligence, but upon the freedom of the plaintiff's chauffeur from contributory negligence.  This is evident from the fact that the court impressed upon the minds of the jury that the rights of the plaintiff and defendant at the intersection of the streets were equal.  That would have been true, had not the ordinance of the city given the defendant the right of way.  Therefore the exclusion of the evidence in the light of the charge was prejudicial error.

The judgment will be reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.